UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOEING EMPLOYEES' CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN E. BLANCHARD, and JOHN DOE BLANCHARD,<br><br>Defendants. | Case No. C18-769RSL<br><br>ORDER OF REMAND |

This matter comes before the Court on "Plaintiff Boeing Employees' Credit Union's Motion to Remand," Dkt. # 4, and defendant Susan Blanchard's "Motion for Leave to Make a Deposit," Dkt. # 11.

This case originated as a breach-of-contract action filed February 20, 2018, by plaintiff Boeing Employees' Credit Union ("BECU") in King County Superior Court. Dkt. # 1-1. In it, BECU seeks to recover from defendant Susan Blanchard and her husband, John Doe Blanchard,[1] money allegedly owed based on a credit-extension contract and a membership agreement with BECU. See id. On May 29, 2018, Ms. Blanchard removed the matter to this Court. Dkt. # 1. Plaintiff filed this motion to remand, arguing the Court lacks jurisdiction to hear the case. Dkt. # 4. Ms. Blanchard did not file a response opposing the motion, but did file a motion seeking leave to "make a deposit." Dkt. # 11.

---

[1] Though immaterial to this disposition, the Notice of Removal asserts that John Doe Blanchard does not exist. Dkt. # 1 at 1.

ORDER OF REMAND - 1

The party seeking a federal venue has the burden of establishing this Court's subject-matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008). Removal based on federal question jurisdiction is generally improper unless a federal claim appears on the face of a well-pleaded complaint. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Securities, 813 F.2d 1368, 1371 (9th Cir. 1987).

As an initial matter, a federal claim does not appear on the face of the complaint. See Franchise Tax Bd., 463 U.S. at 10. This is a contract case. Contract causes of action are based in state law, and nothing in this case's record suggests otherwise for the claims BECU asserts.

The Notice of Removal states that the Court has original jurisdiction because the case "is a suit in equity arising under the [C]onstitution of the United States." Dkt. # 1 ¶ 3. The cover sheet filed with the case's removal also cites Article II, Section 3 of the Constitution. Dkt. # 1-3. Article II, Section 3 of the Constitution outlines certain presidential powers and duties, including the president's duty to "take Care that the Laws be faithfully executed" and the circumstances in which the president delivers the State of the Union address.[2] Citing this provision does not provide a basis for federal jurisdiction. Ms. Blanchard may have intended to cite Article III, Section 2, which provides for federal jurisdiction over cases arising under the Constitution and laws of the United States. This would appear to comport with the citation in the Notice of Removal to 28 U.S.C. § 1331, see Dkt. # 1 ¶ 3, which provides district courts with original

---

[2] In full, the provision reads:

> He shall from time to time give to the Congress Information of the State of the Union, and recommend to their Consideration such Measures as he shall judge necessary and expedient; he may, on extraordinary Occasions, convene both Houses, or either of them, and in Case of Disagreement between them, with Respect to the Time of Adjournment, he may adjourn them to such Time as he shall think proper; he shall receive Ambassadors and other public Ministers; he shall take Care that the Laws be faithfully executed, and shall Commission all the Officers of the United States.

U.S. Const. art. II, § 3.

ORDER OF REMAND - 2

jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. As noted, however, no federal question appears on the face of the complaint and Ms. Blanchard does not cite (nor can the Court discern) any federal statute or constitutional provision as a basis for jurisdiction. Finally, Ms. Blanchard did not invoke diversity jurisdiction but the pleadings and other filings show that the parties are not diverse and the amount in controversy falls below $75,000. See 28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).

Even construing Ms. Blanchard's removal pleading liberally, the Court is unable to find a cognizable basis for federal jurisdiction. The Court concludes that Ms. Blanchard has failed to adequately invoke the Court's subject-matter jurisdiction and that the matter should be remanded to state court.[3] See In re DRAM Antitrust Litig., 546 F.3d at 984.

Ms. Blanchard also filed a motion that seeks leave to "make a deposit." Dkt. # 11. That motion is moot given the Court's jurisdictional ruling.

For the foregoing reasons, Ms. Blanchard's motion, Dkt. # 11, is DENIED, and BECU's motion for remand, Dkt. # 4, is GRANTED. Remanded matters usually face a 14-day waiting period before taking effect, see LCR 3(i), but the Court concludes that period is unnecessary and that this matter should be remanded upon this Order's filing.

DATED this 5th day of September, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Plaintiff raises several other grounds for remand, but the Court need not address them given its conclusion on jurisdiction.

ORDER OF REMAND - 3